Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
Melissa A. Vermillion, Esquire #241354
Bonni S. Mantovani, Esquire #106353
Anna Landa, Esquire #276607
Halie L. Leonard, Esquire #265111
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
FHAB.500-098.NF
Attorneys for Movant Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Bk. No. 14-42981 |
| WINSTON DELANO ROBERT LAWRENCE, | CHAPTER 13 |
| Debtor. | R.S. No. LSR – 1075 |
| | Hearing-<br>Date : March 11, 2016<br>Time :10:00 a.m.<br>Place : U.S. Bankruptcy Court<br>     1300 Clay Street, 2nd Floor<br>     Oakland, CA<br>     Courtroom 215 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY §1301**
**(REAL PROPERTY)**

Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay and Co-Debtor Stay §1301 with respect to certain real property of the Debtor having an address of 539 Jacaranda Street, Brentwood, CA 94513 (the "Property"). The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from Automatic Stay and Co-Debtor Stay §1301 filed contemporaneously herewith (the "Declaration"). In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on July 17, 2014.

2. The First Amended Chapter 13 Plan was confirmed on September 4, 2014.

3. The Debtor and Co-Borrower, Heather E. Lawrence, have executed and delivered that certain promissory note in the original principal amount of $329,367.00 (the "Note"). Movant is an entity entitled to enforce the Note. Movant, directly or through an agent, has possession of the Note. Debtor, Co-Borrower, Heather E. Lawrence and Movant entered in a Loan Modification Agreement. True and correct copies of the Note and Loan Modification Agreement are attached hereto as Exhibit A.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor and Co-Borrower, Heather E. Lawrence under the Note and the Deed of Trust with respect to the Loan are secured by the Property. A copy of the Deed of Trust is attached hereto as Exhibit B.

5. All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain assignment of deed of trust, a copy of which is attached hereto as Exhibit C.

6. As of February 8, 2016, the outstanding Obligations are:

| | |
|---|---|
| Unpaid Principal Balance | $218,517.24 |
| Unpaid, Accrued Interest | $2,822.52 |
| Costs | $93,894.96 |
| Less: Partial Payments | ($1,815.08) |
| Minimum Outstanding Obligations | $313,419.64 |

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $1,026.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | 12/01/2015 | 02/01/2016 | $1,834.05 | $5,502.15 |
| Less postpetition partial payments: | | | | ($1,815.08) |

**Total: $ 3,687.07[1]**

9. Cause exists for relief from the automatic stay and Co-Debtor Stay §1301 for the following reasons:

  a) Movant's interest in the Property is not adequately protected.

  b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay and Co-Debtor Stay §1301 allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

---

[1] The total payments due pursuant to the terms of the Note set forth in this paragraph do not necessarily represent all of the postpetition arrearages. . The total only represents the sum of the missed payments scheduled pursuant to the Note less any partial payments being held. To obtain the total postpetition arrearages you would need to add to such total (i) any allowable postpetition fees and expenses and (ii) advances for taxes and insurance that are not otherwise covered by escrow amounts in the scheduled payments for impounded loans.

1    3.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

2    4.    For such other relief as the Court deems proper.

PROBER & RAPHAEL, A LAW CORPORATION

DATED: 02/23/2016    By /s/ Melissa A. Vermillion
    MELISSA A. VERMILLION, #241354
    Attorney for Movant